HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York 10006
212-669-0600
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STANDARD TANKERS BAHAMAS
LIMITED,

                        Plaintiff,

      -against-

INDUSTRIAL CARRIERS, INC.,    **COMPLAINT FOR**
CLASSIC MARITIME, INC., and    **DECLARATORY JUDGMENT**
JANE and/or JOHN DOE,

                      Defendants.
-------------------------------------------------------X

      Plaintiff, STANDARD TANKERS BAHAMAS LIMITED ("Standard"), by its attorneys, Hill Rivkins & Hayden LLP, as and for its Complaint in this matter, alleges upon information and belief as follows:

      1.    Plaintiff, Standard, seeks a judgment declaring the rights and obligations of the parties to this action in connection with a voyage charter party for the M/V OLINDA, more fully described in Paragraph 8 herein, and, in particular, a judgment declaring the proper party or parties to whom Standard is required to make certain payments for freight and/or any other expenses due under the subject charter party.

      2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333, in that that is an admiralty and maritime action within the meaning of F.R.C.P. 9(h).

1

3. Venue is proper under 28 U.S.C. § 1391(b) and (d), in that a substantial part of the events giving rise to this action have and/or will occur in this district, property that is the subject of this matter is and/or will be located in this district, and the matter involves all alien entities or individuals.

4. Plaintiff, Standard, is a corporation organized and duly existing under the laws of the Bahamas.

5. Defendant, INDUSTRIAL CARRIERS, INC. ("Industrial") is a corporation or other business entity organized and duly existing under the laws of Greece.

6. Defendant CLASSIC MARITIME, INC. ("Classic") is a corporation or other business entity organized and duly existing under the laws of Greece.

7. Defendant JANE or JOHN DOE is or will be a bankruptcy trustee or liquidator (hereinafter "the Trustee") that has been or will be appointed to protect the interests of the creditors and estate of Industrial in a now pending bankruptcy proceeding in Greece commenced by Industrial, as is more fully described in Paragraph 11 herein.

8. On or about September 19, 2008, Standard, as charterer, and Industrial, as owner, entered into a voyage charter party for the Maltese flag M/V OLINDA ("the Vessel"), for the carriage of a cargo of petroleum product(s) from "1/2 PORTS WEST AFRICA, NIGERIA/ANGOLA RANGE" to 1 or 2 European ports within specified ranges (hereinafter "Charter Party"). The Charter Party was on an ExxonMobil VOY 2005 form, and called for the payment of all freight as follows: "FREIGHT PAYABLE TO: IN U.S. DOLLARS BY TELEPHONIC TRANSFER TO OWNER'S DESIGNATED BANK IN NEW YORK"; the Charter Party otherwise stipulated that the "interpretation of this Charter and the rights and obligations of the parties thereto shall be

governed by the Federal Maritime Law of the United States and where applicable by the laws of the State of New York, without taking into consideration any conflict of law principles".

9. The Vessel arrived at the load port on or about October 8, 2008, and commenced loading of the petroleum cargo in due course.

10. On or about October 11, 2008, Standard received a telefax from Industrial stating that it had "unconditionally and absolutely assigned with full title guarantee to Classic Maritime Inc. (i) the freight payable under the Charterparty, and (ii) any demurrage or other monies now due or that may fall due in the future under the Charterparty".

11. Subsequent to October 11, 2008, Standard was advised that Industrial had filed for bankruptcy protection in Greece.

12. As the Vessel has discharged the petroleum cargo carried under the Charter Party, Standard is ready, willing and able to make any and all freight or any other payments due under the Charter Party, but is exposed to a risk that such payment it might make to Classic might be held to be an illicit preference under applicable bankruptcy law, with the amount thereof plus interest and penalties being sought from Standard by Industrial, the Trustee and/or otherwise on behalf of Industrial's bankrupt estate.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

13. Standard repeats and realleges the allegations in Paragraphs "1" through "12" as if fully set forth herein.

14. An actual and justiciable controversy exists between the parties to this action regarding the rights and obligations of the parties to the Charter Party, including

the proper party to whom any freight and/or any other payments under the Charter Party should be made, which controversy may be determined by a judgment of this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

15. Standard is entitled to a declaratory judgment determining to which, if any, of the defendants it is obligated to make the freight and/or any other payments owing under the Charter Party.

### AS AND FOR A SECOND CAUSE OF ACTION FOR INTERPLEADER UNDER F.R.C.P. 22 and/or NEW YORK CPLR § 1006

16 Standard repeats and realleges the allegations in Paragraphs "1" through "15" as if fully set forth herein.

17. Each of the Defendants is or will be claiming that it is entitled to receive the freight and/or any other payments that Standard is ready, willing and able to make under the Charter Party.

18. By reason of these conflicting claims of the defendants, Standard is in doubt as to which defendant or defendants is entitled to receive payment from Standard for freight and/or any other payments owing under the Charter Party.

19. Standard respectfully requests an order and/or judgment of the Court adjudging the conflicting claims of the defendants to the freight and/or any other payments that Standard is ready, willing and able to make under the Charter Party.

**W H E R E F O R E,** Plaintiff, Standard, respectfully demands:

1. A judgment declaring to whom it must make any freight and/or any other payment it is, as above, ready willing and able to make under the Charter Party;

2. That, as further or consequential relief, each of the defendants be restrained from instituting any action against Standard and/or any entity affiliated with Standard for the recovery of the freight or any other payments that Standard may be obligated to make under the Charter Party, and that the rights of the defendants to the freight and/or any other payments owing under the Charter Party be determined by the Court and Standard be finally discharged from liability under the Charter Party except to the defendant or other party whom the Court shall adjudge entitled to any amounts due thereunder;

3. That Standard recover its costs and disbursements of this action;

4. That the Court grant such other and further relief as may be just and proper.

Dated: December 3, 2008
    New York, New York

> HILL RIVKINS & HAYDEN LLP
> *Attorneys for Plaintiff*
> *Standard Tankers Bahamas Limited*
>
> By: _____
>     George D. Byrnes (GB 6786)
>
> By: _____
>     John J. Sullivan (JS 1037)
>     45 Broadway, Suite 1500
>     New York, New York 10006
>     (212) 669-0600