HILL RIVKINS & HAYDEN LLP
45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANDARD TANKERS BAHAMAS LIMITED

        Plaintiff

- against -

INDUSTRIAL CARRIERS, INC., CLASSIC
MARITIME, INC. and JANE and/or JOHN DOE,

        Defendants

08 Civ. 10561 (JSR)

**DECLARATION OF
SCOTT SANTIAGO**

Scott Santiago declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed by ExxonMobil Refining & Supply Company in its Global Marine Transportation Optimization Department, which renders chartering services to its affiliate STANDARD TANKERS BAHAMAS LIMITED ("Standard"), the plaintiff in the above-captioned action. I am personally familiar with the facts and circumstances of this case in relation to the voyage charter of the M/V OLINDA, identified in paragraph 2 below, as I rendered services on behalf of Standard with respect to the subject charter, both in terms of its contracting and performance. I make this Declaration from my own personal knowledge and information in support of Standard's Motion for Summary Judgment and Leave to Make Deposit in Court pursuant to Fed. R. Civ. P. 67.

2. Standard, as Vessel Charterer, and defendant INDUSTRIAL CARRIERS, INC. ("Industrial"), as Vessel Owner, entered into a voyage charter party ("Voyage Charter") of the M/V OLINDA ("Vessel"), dated September 19, 2008, for the carriage of a cargo of petroleum product(s) ("Cargo") from Africa to Europe aboard the Vessel.

3. The Charter was on an ExxonMobil VOY 2005 form, and called for the payment of all freight to be made in U.S. dollars by telephonic transfer to the Owner's bank in New York. It also contained a choice-of-law provision, which stipulated that the U.S. federal maritime law and, where applicable, New York state law would govern the Charter's interpretation and the "rights and obligations of the parties thereto…without taking into consideration any conflict of law principles."

4. The Vessel arrived at the Angolan load port on or about October 8, 2008, and completed loading of the Cargo on or about October 10, 2008. The Vessel then departed, arriving at her European port of discharge Le Havre, France, where it completed discharge of the Cargo carried under the Charter on or about October 29, 2008.

5. On or about October 11, 2008, Standard received a telefax from Industrial stating that it had "unconditionally and absolutely assigned with full title guarantee" to defendant Classic Maritime Inc. ("Classic") the freight payable, as well as any demurrage or other monies "now due or that may fall due in the future," under the Charter. Industrial also gave "irrevocable instructions" to make payment directly to the account of Classic. Attached hereto as Exhibit 1 is a true and accurate copy of the telefax, dated October 11, 2008.

6. On or about October 13, 2008, Standard received a freight invoice from Industrial in the amount of US $3,142,091.15, calling for payment to be made to Classic's bank account (which was disclosed in the October 11, 2008 telefax from Industrial). Attached hereto as Exhibit 2 is a true an accurate copy of the freight invoice, dated October 13, 2008.

7. To date, Standard has not made payment under the Charter to either Industrial or Classic.

I declare under penalty of perjury, that the foregoing is true and accurate.

Dated: Fairfax, Virginia
       May 20, 2009

Scott Santiago