76-09/GMV
FREEHILL, HOGAN & MAHAR, LLP
*Attorneys for Defendant Classic Maritime*
80 Pine Street
New York, New York 10005
Phone: (212) 425-1900
Fax: (212) 425-1901
Gina M. Venezia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANDARD TANKERS BAHAMAS LIMITED<br><br>Plaintiff<br><br>- against -<br><br>INDUSTRIAL CARRIERS, INC., CLASSIC MARITIME, INC. and JANE and/or JOHN DOE,<br><br>Defendants | 08 Civ. 10561 (JSR)<br><br>**DEFENDANT CLASSIC MARITIME'S ANSWER TO COMPLAINT AND <u>CROSS-CLAIM AGAINST ICI</u>** |
| CLASSIC MARITIME, INC.<br><br>Plaintiff in Cross-Claim<br><br>- against -<br><br>INDUSTRIAL CARRIERS, INC.<br><br>Defendant in Cross Claim. | |

Defendant Classic Maritime, Inc. ("Classic Maritime"), as and for its answer to the Complaint filed by Plaintiff Standard Tankers Bahamas Ltd. ("STB") and as and for its cross-claim against Defendant Industrial Carriers, Inc. alleges as follows:

## ANSWER TO COMPLAINT

1. It is admitted that based on the allegations of its complaint, Plaintiff STB has sought a judgment declaring the rights and obligations of the parties to this action in connection with a voyage charter party for the m/t OLINDA.

2. Admitted.

3. Admitted.

4. Defendant Classic Maritime denies knowledge or information sufficient to form a belief as to the allegations of paragraph 4.

5. Denied. At all times relevant hereto, Defendant ICI is a foreign business entity duly organized and existing under the laws of the Marshall Islands with an established presence in Greece pursuant to Law 89 of 1967 and with a registered agent for service of process located in the Southern District of New York.

6. Denied. At all times relevant hereto, Classic Maritime is a foreign business entity duly organized and existing under the laws of the Marshall Islands with an address at Trust Company Complex, Ajeltake Island, P.O. Box 1405, Majuro MH 96960, Marshall Islands, and has an established presence in Greece pursuant to Law 89 of 1967.

7. Defendant Classic Maritime denies knowledge or information sufficient to form a belief as to the allegations of paragraph 7.

8. Admitted.

9. Admitted.

10. It is admitted that on or about October 13, 2008, STB received a notice from ICI dated October 11, 2008, of its unconditional and absolute assignment to Classic Maritime of the freight and other amounts payable by STB under the m/t OLINDA voyage charter party.

11. It is admitted that subsequent to October 13, 2008, ICI filed for bankruptcy protection before the Multi-Membered Piraeus Court of First Instance in Greece, and that on or about February 19, 2009, said court dismissed ICI's bankruptcy petition.

12. It is admitted that the m/t OLINDA discharged the petroleum cargo carried under the subject voyage charter party but all remaining and inconsistent allegations of paragraph 12 are denied.

## First Cause of Action

13. Defendant Classic Maritime repeats and realleges the allegations in paragraphs 1 - 12 above as if fully set forth herein.

14. The allegations of paragraph 14 state a legal conclusion and thus no response is required, but to the extent a response is required, Classic Maritime denies that there is any controversy as to which party is entitled to payment of the amounts owed under the m/t OLINDA charter party, as Classic Maritime is clearly entitled to such payment as alleged herein.

15. The allegations of paragraph 15 state a legal conclusion and thus no response is required, but to the extent a response is required, Classic Maritime alleges that it is entitled to the freight and/or any other payments owing under the m/t OLINDA charter party.

## Second Cause of Action

16. Defendant Classic Maritime repeats and realleges the allegations in paragraphs 1 - 15 above as if fully set forth herein.

17. To the extent the allegations of paragraph 17 refer to Defendant ICI, Classic Maritime denies that ICI is or will be claiming that it is entitled to receive the freight and/or any other payments due under the m/t OLINDA charter party, since ICI has unconditionally and absolutely assigned such payments to Classic Maritime. To the extent the allegations of

paragraph 17 refer to Defendant Classic Maritime, it admits that it claims entitlement to receive the freight and/or any other payment due under the m/t OLINDA charter party. Classic Maritime is the only party that has claimed that they are entitled to receive such payments.

18. Defendant Classic Maritime denies knowledge or information sufficient to form a belief as to the allegations of paragraph 18, as they pertain to Plaintiff STB's mindset.

19. The allegations of paragraph 19 contain STB's prayer for relief and thus no response is required. To the extent a response may be required, Defendant Classic Maritime alleges that it is entitled to judgment finding that it is entitled to payment of the freight and/or any other payment due under the m/t OLINDA charter party with STB.

20. Classic Maritime reserves the right to amend this Answer if additional information is obtained through discovery.

## CROSS-CLAIM AGAINST ICI AND CLAIM AGAINST IMPLEADED FUNDS

And now for its cross-claim against Defendant ICI and claim against the impleaded funds, Classic Maritime alleges as follows:

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1333, in that this is an admiralty and maritime claim with the meaning of Rule 9(h), and supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367.

2. Venue is proper under 28 U.S.C. § 1391(b) and (d), in that the property that is the subject of this matter is and/or will be located in this district and the matter involves all alien entities or individuals.

3. Plaintiff in Cross-Claim, Classic Maritime, is a foreign business entity duly organized and existing under the laws of the Marshall Islands with an address at Trust Company

Complex, Ajeltake Island, P.O. Box 1405, Majuro MH 96960, Marshall Islands, and has an established presence in Greece pursuant to Law 89 of 1967.

4. At all relevant times herein, Classic Maritime was the disponent owner of the m/t VENTURA.

5. Defendant in Cross-Claim, ICI, is a foreign business entity duly organized and existing under the laws of the Marshall Islands with an established presence in Greece under Law 89 of 1967, and with a registered agent for service of process located in the Southern District of New York.

6. On or about July 17, 2008, Classic Maritime time chartered the m/v VENTURA to ICI for a period of 60-62 months commencing between May and September 2009, under which ICI was obligated to pay hire and other amounts to Classic Maritime.

7. On or about April 30, 2008, ICI, as charterer, time chartered the m/t OLINDA from Oceanfighter Owners, Inc., under which ICI was obligated to pay hire and other amounts to Oceanfighter, and under which Oceanfighter Owners had a lien upon "all freights, sub freights, sub hires and demurrage for any amounts due under this charter".

8. On or about September 19, 2008, ICI sub-chartered the m/t OLINDA to Plaintiff STB for the carriage of petroleum products from Nigeria to Europe, which charter party provided for the payment of freight by STB in U.S. Dollars.

9. On or about October 10, 2008, the m/t OLINDA loaded the cargo of petroleum products at Kizomba, Angola, pursuant to the sub-charter party between ICI and STB.

10. On or about October 11, 2008, and for good and valuable consideration, Classic Maritime entered into a tripartite agreement with ICI and Oceanfighter, pursuant to which, *inter alia*, ICI unconditionally and absolutely assigned to Classic Maritime with full title guarantee,

the freight and other amounts payable by STB under the voyage charter party, and Classic Maritime agreed to the cancellation of the VENTURA Charterparty on terms that ICI was released from any claims, disputes or differences arising under or in connection with the VENTURA Charterparty.

11. On or about October 13, 2008, STB was provided notice from ICI of its unconditional and absolute assignment to Classic Maritime of the freight and other amounts payable by STB under the voyage charter party.

12. Subsequently, the cargo of petroleum products was successfully discharged from the m/t OLINDA as provided for in the voyage charter party with STB.

13. There currently remains due and owing under the voyage charter party from STB the total amount of $3,142,091.15 for freight earned.

14. Pursuant to the assignment from ICI, Classic Maritime is entitled to receive in full the payment of freight and any other amounts due from STB under the voyage charter party.

15. Defendant in Cross-Claim ICI is not entitled to payment of the amounts due under the voyage charter party from STB.

WHEREFORE, Classic Maritime prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant in Cross-Claim ICI citing it to appear and answer the foregoing, failing which a default judgment can be entered against ICI;

b. That judgment be issued declaring that Classic Maritime is entitled to receive payment of the freight and/or any other payment due under the m/t OLINDA charter party with STB and/or payment of any amounts deposited with the Court by STB in connection with this matter; and

c.  For such other, further and different relief, including attorneys' fees, interest, costs and disbursements, as this Court may deem just and proper.

Respectfully submitted,

/s/ Gina M. Venezia
Gina M. Venezia
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, New York 10005
Phone: (212) 425-1900
Fax: (212) 425-1901
venezia@freehill.com
Attorneys for Classic Maritime

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

| VIA CM/ECF | VIA PERSONAL SERVICE |
|---|---|
| Hill Rivkins & Hayden | Industrial Carriers Inc. |
| 45 Broadway, Suite 1500 | Through its registered agent for service of process |
| New York, NY 10006 | CT Corporation System |
| Attn: George D. Byrnes | 111 Eighth Avenue |
| John J. Sullivan | New York, NY 10011 |

/s/ Gina M. Venezia
Gina Venezia